UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1956 DOC (MLGx)            Date: April 19, 2012

Title: ELIZABETH KASSAHUN -V- JPMORGAN CHASE NATIONAL CORPORATE SERVICES, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

       Before the Court is Defendant JPMorgan Chase Bank, N.A.'s (erroneously sued as JPMorgan Chase National Corporate Services, Inc. & Chase Home Finance LLC) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Mot.") (Dkt. 18). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The Court has considered the moving, opposing, and replying papers, and hereby GRANTS Defendant's Motion to Dismiss.

       **I.**      **BACKGROUND**

       Taken as true and in the light most favorable to Plaintiff, the facts alleged by Elizabeth Kassahun ("Plaintiff") are as follows:

       In June 2006, Plaintiff obtained a mortgage loan from Long Beach Mortgage Co. in the amount of $492,000 secured by a Deed of Trust encumbering Plaintiff's home in Anaheim, CA. First Amended Complaint ("FAC") (Dkt. 17) Ex. 1.

       At a point in time unspecified, Plaintiff began having trouble making her mortgage payments. Beginning in 2010, Plaintiff entered into a trial loan modification program with Defendant

JPMorgan Chase Bank, N.A. ("Defendant") whereby her monthly payment was reduced.[1] FAC ¶ 10. Plaintiff contends that if she complied with the terms of the trial modification program, Defendant promised to offer her a permanent loan modification. *Id.* Plaintiff alleges that she complied with all of the terms of the trial modification program yet Defendant failed to offer her the promised modification. *Id.* ¶ 12.

At a point in time unspecified, a notice of default was recorded by Defendant against Plaintiff's home. Defendant recorded a notice of trustee's sale against the property on April 27, 2011. FAC Ex. 6. The pleadings do not reflect that a sale of Plaintiff's home has yet occurred.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts

---

[1] Long Beach Mortgage Co. was apparently a predecessor to Washington Mutual Bank, which in turn was bought out of receivership by Defendant from the Federal Deposit Insurance Corporation in 2008 after the largest bank failure in United States history. Def.'s Mot. to Dismiss at 1.

may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2932.5

Plaintiff argues that her loan was never duly assigned to Defendant in violation of Section 2932.5, and therefore Defendant may not exercise the power of sale contained in the Deed of Trust.[2] FAC ¶ 15. Section 2932.5 states that when the power of sale is given to a mortgagee or other encumbrancer "in an instrument intended to secure the payment of money," that power of sale is part of the security and "vests in any person who by assignment becomes entitled to payment of the money secured by the instrument." Cal. Civ. Code § 2932.5. That power of sale "may be exercised by the assignee if the assignment is duly acknowledged and recorded." *Id.*

Defendant argues that because Plaintiff's home is being foreclosed upon pursuant to the power of sale in a deed of trust, her reliance on Section 2932.5 is inapposite because Section 2932.5 only applies to mortgages. The Court agrees. California courts have consistently held that Section 2932.5 does not apply to deeds of trust. *See Stockwell v. Barnum*, 7 Cal. App. 413, 417 (1908) ("The transferee of a negotiable promissory note, payment of which is secured by a deed of trust whereby the title to the property and power of sale in case of default is vested in a third party as trustee, is not an incumbrancer to whom power of sale is given, within the meaning of [Section 2923.5]."); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 123 (2011) ("The holding of *Stockwell* has never been reversed or modified in any reported California decision in the more than 100 years since the case was decided. The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California."); *Valdez v. JPMorgan Chase Bank, N.A.*, No. EDCV 11-0935 DOC (DTBx), 2012 WL 995278, at *4 (C.D. Cal. Mar. 20, 2012). Plaintiff's home is being foreclosed upon by California Reconveyance Company acting as the trustee under Plaintiff's Deed of Trust, not under the power of sale contained in a mortgage. FAC Ex. 6. As such, Section 2932.5 does not apply in this case and this cause of action is DISMISSED WITH PREJUDICE.

#### B. PROMISSORY ESTOPPEL

---

[2]Unless otherwise noted, all statutory references in this Order are to the California Civil Code.

Plaintiff asserts that because she complied with the terms of her trial modification program, this Court should enforce Defendant's alleged promise to offer her a permanent loan modification.  FAC ¶ 20.

The elements of a promissory estoppel claim are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance. *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011).

Defendant's "promise" of a loan modification was too indefinite to be enforced, as demonstrated by Plaintiff's own allegations.  *See* FAC ¶ 20 ("[Defendant] made a promise . . . that if plaintiff complied with the trial modification requirements . . . she would be *eligible* for a permanent loan modification." (emphasis added)).  Further, Plaintiff's own exhibits demonstrate the conditional nature of the permanent loan modification offer.  The "Trial Modification Checklist" submitted by Plaintiff has a "Frequently Asked Questions" section which includes the question, "When will I know *if* my loan can be modified permanently?"  *See* FAC Ex. 4 (emphasis added).  The answer to this question states: "Once we confirm you are eligible . . . *and* you make all of your trial period payments on time . . . ."  *See id.* (emphasis added).  This clearly indicates that the offer of a permanent loan modification was entirely conditional and was not guaranteed even if Plaintiff made all of her payments under the trial modification program.  Thus, Defendant's "promise" of a permanent loan modification was too indefinite to be enforceable.  *See Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 891 (1976) (holding that a conditional commitment letter from a lender stating a number of loan terms was too indefinite to be enforceable).  This cause of action is accordingly DISMISSED WITH PREJUDICE.

### C.     DECLARATORY RELIEF

Plaintiff "now seeks declaratory relief and refers to a judgment of a court to determine the rights of the parties herein . . . as there is a matter in controversy."  FAC ¶ 25.  While not alluding to what the matter in controversy is, or what clarification of that controversy Plaintiff seeks, the Court will presume that Plaintiff seeks a declaration adjudging the right and obligations of the parties with respect to Defendant's ability to foreclose on Plaintiff's home pursuant to the power of sale contained in Plaintiff's deed of trust.

Any person party to a written instrument who desires a declaration of his or her rights and duties under the instrument can bring an action for declaratory relief so long as an actual controversy exists.  Cal. Code. Civ. Proc. § 1060.  A Court has discretion not to issue declaratory relief when "its declaration or determination is not necessary or proper at the time under all the circumstances."  Cal. Code. Civ. Proc. § 1061.  In order to plead declaratory relief, a plaintiff must show "a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Alameda Cnty. Land Use Ass'n v. City of Haywayrd*, 38 Cal. App. 4th 1716, 1722 (1995).

Because Plaintiff's other claims are dismissed with prejudice, Plaintiff has failed to show that a "real and substantial controversy" requiring this Court's adjudication exists. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010). Accordingly, this cause of action is DISMISSED WITH PREJUDICE.

### D. CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff alleges that Defendant has violated California's Rosenthal Fair Debt Collection Practices Act (the "RFDCPA") in its foreclosure proceedings against Plaintiff's home. FAC ¶ 27.

The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts. Cal. Civ. Code § 1788, *et seq.* To state a claim for violation of the RFDCPA, a plaintiff must allege that the defendant is a "debt collector" collecting a "debt" within the meaning of the statute. *See* Cal. Civ. Code § 1788.2.

Plaintiff's RFDCPA claim fails because foreclosing on a property pursuant to a deed of trust is not a "debt collection" within the meaning of the RFDCPA. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009); *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("[F]oreclosure does not constitute debt collection under the RFDCPA."); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1054 (E.D. Cal. 2009) ("Foreclosure on a property as security on a debt is not debt collection activity encompassed by the Rosenthal Act."). Accordingly, this cause of action is DISMISSED WITH PREJUDICE.

### E. INJUNCTIVE RELIEF

Plaintiff asserts a "cause of action" for injunctive relief. FAC ¶ 30. As Defendant correctly points out, injunctive relief is a remedy, not a cause of action. *See*, *e.g.*, *Marlin v. Aimco Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007) ("A 'cause of action' must be distinguished from the remedy sought . . . . [T]he relief is not to be confounded with the cause of action, one not being determinative of the other. An injunction is a remedy, not a cause of action." (citations omitted)); *Roberts v. Los Angeles Cnty. Bar Ass'n*, 105 Cal. App. 4th 604, 618 (2003); *Tang v. Bank of America, N.A.*, No. SACV 11-2048 DOC (DTBx), 2012 WL 960373, at *15 (C.D. Cal. Mar. 19, 2012); *Valdez*, 2012 WL 995278, at *11. This Court notes that it is not ruling on whether Plaintiff is entitled to an injunction, only that this request for relief is not properly asserted as a "cause of action." Therefore, Plaintiff's "cause of action" for "injunctive relief" is DISMISSED WITH PREJUDICE.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss in its entirety. Plaintiff's claims are DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.